UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARCOS L. THOMAS, SR.,  Case No. 1:16-cv-473
    Plaintiff,

                                      Black, J.
    vs                                    Bowman, M.J.

STATE OF OHIO, *et al.*,  **ORDER AND REPORT**
    Defendants.  **AND RECOMMENDATION**

        Plaintiff, an inmate at the Toledo Correctional Institution, brings this civil rights action under 42 U.S.C. § 1983 against defendants the State of Ohio, the Department of Rehabilitation and Correction, the Southern Ohio Correctional Facility, inmate Hill, C.O. Sean Robinson, C.O. Colse, C.O. McClendon, C.O. Long, C.O. Cooper, Gary Mohr, Cynthia Davis, Warden Donnie Morgan, and Major Warren.  (*See* Doc. 1-1, Complaint at PageID 10, 13).  By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

        In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see*

*also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke,* 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible."  *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.  The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness.  *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

 Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted.  28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1).  A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).  By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

 "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

2

*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff, who is proceeding pro se, was formerly at the Southern Ohio Correctional Facility (SOCF). (Doc. 1-1, Complaint at PageID 14). Plaintiff alleges that on June 12, 2014, while at SOCF, he was attacked by defendant inmate Hill. Plaintiff claims that Hill attacked him with a four to six inch knife, resulting in a deep laceration to his face and permanent scaring for the remainder of his life. (*Id.* at 15–16). Plaintiff alleges that Hill "acted on the encouraged and provided words of all parties" mentioned in the complaint. (*Id.* at 16). Specifically, plaintiff alleges that defendants Robinson, Colse, Cooper, McClendon, and Long advocated and provoked the attack to have plaintiff removed from the unit. (*Id.* at 14). Plaintiff further claims that the attack escalated "due to a situation that took place at a previous institution in 2012 Ross Correctional Institute." (*Id.*). Plaintiff claims that he was taken to the infirmary, where store bought super glue was used to close the cut.

For relief, plaintiff seeks monetary damages.

3

Liberally construed, plaintiff has stated an Eighth Amendment failure to protect claim against defendants Robinson, Colse, Cooper, McClendon, and Long.  At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that these claims are deserving of further development and may proceed at this juncture.  *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

However, the balance of plaintiff's complaint should be dismissed.  First, to the extent that plaintiff has named the State of Ohio, the Department of Rehabilitation and Corrections, and the Southern Ohio Correctional Facility as defendants, the complaint should be dismissed as to these defendants.

The complaint against the State of Ohio must be dismissed because the State of Ohio is immune from suit in this federal court.  Absent an express waiver, the Eleventh Amendment to the United States Constitution bars suit against a State or one of its agencies or departments in federal court regardless of the nature of the relief sought.  *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996); *Pennhurst State School v. Halderman*, 465 U.S. 89, 100 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Edelman v. Jordan,* 415 U.S. 651, 663 (1974).  The exceptions to the Eleventh Amendment bar prohibiting lawsuits against a state in federal court do not apply in this case.  The State of Ohio has neither constitutionally nor statutorily waived its Eleventh Amendment rights.  *See Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460 (6th Cir. 1982); *Ohio Inns, Inc. v. Nye*, 542 F.2d 673, 681 (6th Cir. 1976).  Nor has plaintiff sued a state official seeking prospective injunctive relief against future constitutional violations.  *Ex Parte Young*, 209 U.S. 123 (1908).  In addition, Congress has not "explicitly and by clear language" expressed its intent to "abrogate the Eleventh Amendment immunity of the States" when enacting Section 1983.  *See*

*Quern v. Jordan,* 440 U.S. 332, 341–43, 345 (1979).  Therefore, the State of Ohio is immune from suit in this case and plaintiff's claims against the State of Ohio should be dismissed.

Plaintiff fails to state a claim against the Ohio Department of Rehabilitation and Correction and SOCF.  Title 42 U.S.C. § 1983 provides that "[e]very person who, under the color of any statute . . . subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ," 42 U.S.C. § 1983.  A correctional facility is not a "person" subject to suit under 42 U.S.C. § 1983.  *See Parker v. Michigan Dept. of Corrections,* 65 F. App'x. 922, 923 (6th Cir.2003) (Department of Corrections not a "person" under § 1983).  Accordingly, plaintiff's claims against the Ohio Department of Rehabilitation and Correction and SOCF should be dismissed.

Plaintiff's claims against inmate Reed should also be dismissed.  In order to maintain an action under 42 U.S.C. § 1983, which provides a civil remedy for constitutional rights violations, plaintiff must allege that the defendants acted under color of state law and that their conduct deprived plaintiff of some right secured by the Constitution or laws of the United States. *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986)).  Plaintiff's complaint fails to allege any facts showing that defendant Reed acted under color of state law.

Finally, plaintiff's claims against the remaining defendants—defendants Mohr, Davis, Morgan, and Major Warren—should be dismissed.  The complaint includes no factual allegations against these defendants, aside from the conclusory allegation that the attack was encouraged by all parties mentioned in the complaint.  (*See* Doc. 1-1, Complaint at PageID 16).

To the extent that plaintiff seeks to hold these defendants liable on the basis of their supervisory positions, plaintiff's claims are subject to dismissal because the claims are based on a theory of *respondeat superior,* which does not apply to § 1983 claims and may not serve as a basis for liability.  *See Iqbal,* 556 U.S. at 676; *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Hill v. Marshall,* 962 F.2d 1209, 1213 (6th Cir. 1992).  "[Section] 1983 liability of supervisory personnel must be based on more than the right to control employees." *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984).  Section 1983 liability is premised on active unconstitutional behavior and not a mere failure to act.  *Greene v. Barber,* 310 F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999).  To the extent that plaintiff's claims against defendants Mohr, Davis, Morgan, and Major Warren rely on these defendants' supervisory positions his claims against these defendants should be dismissed.

Accordingly, in sum, plaintiff may proceed with his Eighth Amendment failure to protect claim against defendants Robinson, Colse, Cooper, McClendon, and Long.  Having found that plaintiff has failed to state a claim upon which relief may be granted with respect to the remaining defendants, plaintiff's complaint should be dismissed in all other regards.

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's claims against defendants the State of Ohio, the Department of Rehabilitation and Correction, the Southern Ohio Correctional Facility, inmate Hill, Gary Mohr, Cynthia Davis, Warden Donnie Morgan, and Major Warren be **DISMISSED** on the ground that plaintiff has failed to state a claim upon which relief may be granted by this Court.

**IT IS THEREFORE ORDERED THAT:**

1. The United States Marshal shall serve a copy of the complaint, summons, the separate Order issued this date granting the plaintiff *in forma pauperis* status, and this Order and Report

and Recommendation upon defendants Sean Robinson, C.O. Colse, C.O. McClendon, and C.O. Long, as directed by plaintiff, with costs of service to be advanced by the United States.

2. Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or defendants' counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

3. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

       *s/ Stephanie K. Bowman*
       Stephanie K. Bowman
       United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

MARCOS L. THOMAS, SR.,            Case No. 1:16-cv-473
    Plaintiff,

                                                    Black, J.
vs                                                   Bowman, M.J.

STATE OF OHIO, *et al.*,
    Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).